IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIENEMAH T. GAYE, | : | |
|     Petitioner | : | |
| | : | No. 1:23-cv-00099 |
|     v. | : | |
| | : | (Judge Kane) |
| WARDEN R. THOMPSON, | : | |
|     Respondent | : | |

**MEMORANDUM**

Pending before the Court is pro se Petitioner Sienemah T. Gaye ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) For the reasons set forth below, the petition will be dismissed without prejudice as moot.

**I.    BACKGROUND**

Petitioner is currently serving an aggregate one hundred and forty-four (144) month sentence imposed by the United States District Court for the District of Minnesota for fraud and identity theft offenses. (Doc. No. 6-1 at 2, ¶ 3.) He entered the custody of the Federal Bureau of Prisons ("BOP") on February 28, 2017. (Id. at 6.)

On January 17, 2023, while Petitioner was incarcerated at Low Security Correctional Institution Allenwood in White Deer, Pennsylvania, he commenced the above-captioned action by filing a Section 2241 petition. (Doc. No. 1.) In his petition, he challenges the BOP's computation of his federal sentence and contends that the BOP has wrongfully denied him earned time credits under the First Step Act of 2018 ("First Step Act"). (Id.) As for relief, Petitioner requests that the Court order the BOP to comply with the First Step Act and apply his earned time credits towards his federal sentence. (Id.)

On March 1, 2023, the Court, inter alia, deemed the petition filed, directed service of the petition on Respondent, and instructed Respondent to file a response to the allegations contained in the petition within twenty (20) days.  (Doc. No. 4.)  On March 20, 2023, Respondent filed a response to the petition, arguing that it should be dismissed as moot because the BOP has since provided the relief that Petitioner seeks herein—i.e., application of his earned time credits under the First Step Act.  (Doc. No. 6 (explaining that, as of February 11, 2023, the BOP applied three-hundred and sixty-five (365) days of earned time credits towards Petitioner's early release and an additional seventy-five (75) days towards his placement in a residential re-entry center or home confinement).)  As reflected by the Court's docket, Petitioner did not file a reply.

Thus, on May 9, 2023, the Court issued an Order, directing Petitioner to file a response to Respondent's suggestion of mootness on or before May 30, 2023.  (Doc. No. 7.)  That deadline has passed, and Petitioner has neither filed a response, nor sought an extension of time in which to do so.  As such, Petitioner's Section 2241 petition is ripe for the Court's resolution.

**II.    DISCUSSION**

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)).  In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'"  See id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)); United States v. Juv. Male, 564 U.S. 932, 936 (2011) (setting forth this same principle).

Here, Petitioner seeks an award of earned time credits under the First Step Act. (Doc. No. 1.) Pursuant to that Act, earned time credits can be applied towards earlier placement in prerelease custody (such as residential re-entry centers and home confinement) or towards a term of supervised release. See 18 U.S.C. § 3632(d)(4)(C) (stating that "[t]he Director of the [BOP] shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release"); see also 18 U.S.C. § 3624(g)(2) (pertaining to prerelease custody); 18 U.S.C. § 3624(g)(3) (pertaining to supervised release).

The record demonstrates that, on February 11, 2023—after the instant Section 2241 petition was filed—the BOP conducted a First Step Act Time Credit Assessment and credited Petitioner with three-hundred and sixty-five (365) days of earned time credits towards early release, and seventy-five (75) days towards placement in a residential re-entry center or home confinement. (Doc. No. 6-1 at 3, ¶ 6; id. at 10-11.) As a result, Petitioner's projected release date was changed from August 28, 2025, to August 28, 2024. (Id. at 3, ¶ 6.) Petitioner, as discussed above, has not filed a reply to Respondent's response or otherwise challenged the BOP's First Step Act Time Credit Assessment.

Thus, because Petitioner has been credited with his earned time credits under the First Step Act, and because Petitioner has not asserted any challenge to the BOP's calculation of those credits, he no longer has a concrete, redressable injury, and this Court lacks an opportunity to provide him with any meaningful relief in this habeas corpus action. As a result, the Court concludes that his Section 2241 petition is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (stating that "[i]f developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot").

### III. CONCLUSION

Accordingly, for the foregoing reasons, Petitioner's Section 2241 petition will be dismissed without prejudice as moot. An appropriate Order follows.